# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-30378

United States Court of Appeals
Fifth Circuit

**FILED**
January 8, 2020

Lyle W. Cayce
Clerk

In the Matter of: Tobin Parker

Debtor

WAL-MART STORES, INCORPORATED; WAL-MART LOUISIANA, L.L.C.; WILLA HOBBY,

Appellants - Cross-Appellees

v.

TOBIN PARKER,

Appellee - Cross-Appellant

Appeal from the United States Bankruptcy Court
for the Western District of Louisiana
USBC No. 5:17-AP-1007

Before OWEN, Chief Judge, and WIENER and DENNIS, Circuit Judges.

PER CURIAM:*

Tobin Parker, a Chapter 13 debtor, filed a personal injury suit against Wal-Mart, which Wal-Mart seeks to judicially estop because Parker failed to disclose the cause of action to the bankruptcy court or amend his bankruptcy schedules to reflect the lawsuit as an asset. The bankruptcy court concluded

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30378

that the elements of judicial estoppel were met but declined to apply the doctrine for equitable reasons. The bankruptcy court then ruled that Parker could continue with his personal injury suit but had to turn over any recovery to the trustee to be administered as part of his bankruptcy estate for the benefit of his creditors. We AFFIRM.

## I.

Tobin Parker filed for Chapter 13 bankruptcy in February 2009, and the bankruptcy court confirmed his bankruptcy plan in July 2009.[1] The plan required Parker to make monthly payments for the benefit of creditors over the next several years. In December 2010, Parker was involved in an on-the-job accident while completing a delivery to a Wal-Mart store, causing injuries to his hand and requiring surgeries. Parker filed a personal injury suit against Wal-Mart in Louisiana state court in December 2011. Parker did not inform the bankruptcy court of his personal injury claim, nor did he amend his bankruptcy schedules to disclose the same. Parker completed the payments under the terms of his Chapter 13 plan, signed a certificate stating that he had completed all his payments, and, in April 2014, received a discharge, at which point his undisclosed lawsuit against Wal-Mart was still pending.

In March 2017, the bankruptcy court granted Wal-Mart's motion to reopen Parker's bankruptcy case. Wal-Mart filed an adversary proceeding in the bankruptcy court,[2] arguing that Parker was judicially estopped from pursuing his personal injury claim because he had failed to disclose the claim in his bankruptcy filings. The bankruptcy court determined that the elements

---

[1] The plan was later modified March 2010 by order after confirmation.

[2] "[L]itigated matters that arise during the pendency of a bankruptcy case" are either adversary proceedings or contested matters. 10 COLLIER ON BANKRUPTCY § 7000.01 (16th ed. 2019). An adversary proceeding is necessary "to obtain an injunction or other equitable relief, except when a chapter 9, 11, 12, or 13 plan provides for the relief." FED. R. BANKR. P. 7001(7).

of judicial estoppel were met but ultimately declined to apply the doctrine for equitable reasons. Particularly, the bankruptcy court found that Parker's failure to disclose the personal injury suit did not harm any party in his bankruptcy case. The bankruptcy court ruled:

> Ultimately, this Court's challenge is to fashion a remedy that is equitable and does not punish innocent parties. The Court will accomplish this by requiring any potential recovery [from Parker's] personal injury claim to be administer [sic] by the Chapter 13 Trustee, requiring any potential recovery to be used first to pay all allowed unsecured claims, including [Parker's] student loans, and paying interest on allowed unsecured claims if the Chapter 13 estate becomes solvent.

Walmart timely appealed.[3]

## II.

We review a bankruptcy court ruling "as if [it] were an appeal from a trial in the district court." *In re Coastal Plains, Inc.*, 179 F.3d 197, 204 (5th Cir. 1999) (cleaned up). We review a refusal to apply the doctrine of judicial estoppel for abuse of discretion. *Id.* at 205. We will only reverse where "the district court's factual findings are clearly erroneous or incorrect legal standards were applied." *Latvian Shipping Co. v. Baltic Shipping Co.*, 99 F.3d 690, 692 (5th Cir. 1996).

After declining to apply judicial estoppel and thus allowing Parker to proceed with his personal injury suit against Wal-Mart, the bankruptcy court ordered Parker to turn over any recovery to the Chapter 13 trustee to be administered for the benefit of creditors. In cases similar to Wal-Mart's—when a potential defendant argues that a debtor is estopped from bringing a lawsuit for failure to disclose it to the bankruptcy court—we have held that, while a

---

[3] The bankruptcy court certified its judgment for direct appeal to this court, and this court authorized the direct appeal. *See* 28 U.S.C. §158(d)(2)(A).

No. 18-30378

debtor may be estopped from pursuing the claim on his own behalf, his bankruptcy trustee is not similarly estopped and may pursue the claim for the benefit of the creditors. *See Reed v. City of Arlington*, 650 F.3d 571, 579 (5th Cir. 2011) (en banc); *In re Flugence*, 738 F.3d 126, 128 (5th Cir. 2013). This approach "protect[s] the integrity of the bankruptcy system by deterring debtors from concealing assets" while also being "consistent with the core bankruptcy goal of obtaining a maximum and equitable distribution for creditors." *Reed*, 650 F.3d at 577.

Here, the bankruptcy court took an alternate route to the same final outcome. Instead of following the path sanctioned by this court in *Reed*— applying judicial estoppel to prevent the debtor from pursuing the undisclosed claim but allowing the trustee to pursue the claim for the benefit of creditors— the bankruptcy court declined to apply judicial estoppel to the debtor, allowing him to pursue his undisclosed claim himself, but ordered him to turn over any recovery to the trustee. The ultimate outcome is the same in both situations— any personal injury recovery winds up in the hands of the trustee.

Significantly, we have said that "there is no per se rule estopping any party who fails to disclose potential claims to a bankruptcy court." *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 798 F.3d 265, 271 (5th Cir. 2015). The doctrine of judicial estoppel "is equitable in nature," and "should be applied flexibly, with an intent to achieve substantial justice." *Reed*, 650 F.3d at 574. Because of the equitable nature of the doctrine, "trial courts are not *required* to apply it in every instance that they determine its elements have been met." *Long*, 798 F.3d at 271; *see Flugence*, 738 F.3d at 132 (Dennis, J., concurring) ("The bankruptcy court, which is closest to the facts, operates in a zone of discretion in crafting an appropriate remedy.").

Considering the bankruptcy court's ultimate remedy, we conclude that it did not abuse its discretion in declining to apply judicial estoppel to Parker's

personal injury claim but requiring him to turn over any recovery to the trustee. *See Flugence*, 738 F.3d at 132 (Dennis, J., concurring) (explaining that "our opinion does not require the same remedy in all cases"). If we concluded that the bankruptcy court abused its discretion here, the final outcome would likely be the same—we would reverse and remand for the bankruptcy court to apply judicial estoppel to Parker's claim, and in so doing, the bankruptcy court would allow the trustee to pursue the personal injury claim and administer the proceeds for creditors. *See Reed*, 650 F.3d at 573; *Flugence*, 738 F.3d at 128. The bankruptcy court did not abuse its discretion in reaching the same end through different, reasonable means. *See Flugence*, 738 F.3d at 132 (Dennis, J., concurring) ("That we affirmed the bankruptcy court's remedy here— estopping [the debtor] from pursuing her personal-injury claim while allowing the bankruptcy trustee to do so and requiring that any recovery by the trustee exceeding [the debtor's] remaining debt be refunded to the tortfeasors—does not imply that the same must be done in all cases in which a debtor fails to disclose a claim to the bankruptcy court.").

Though the bankruptcy court's decision is certainly odd and not the route we would have chosen, we cannot say that it contained clearly erroneous factual findings or the application of incorrect legal standards that amount to an abuse of discretion. *See Latvian Shipping Co.*, 99 F.3d at 692; *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 143 (1997) ("[D]eference . . . is the hallmark of abuse-of-discretion review."). The judgment of the bankruptcy court is AFFIRMED.